Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK FISK, an individual, | ) Case No.: |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | ) |
| EQUIFAX INFORMATION SERVICES, LLC.; and DOES 1 through 10, inclusive, | ) |
| Defendants. | ) |

## I.  INTRODUCTION

1) This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to 15 U.S.C. §1681 *et seq.* (Fair Credit Reporting Act "FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting.

## II.  PARTIES

2)     Plaintiff MARK FISK is a natural person residing in the State of California, County of Riverside.

3)     Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") at all times relevant was a limited liability company doing business in Riverside County, California operating from an address at 1550 PEACHTREE STREET NW, H46, ATLANTA, GA 30309.  EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

4)     The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

5)     Venue in this District is proper in that the Defendants transact business here and the Plaintiff resides here.

## III. FACTUAL ALLEGATIONS

6)     In January 2010, Plaintiff received a judgment in his favor against McMahon's RV Colton for $7,000.

7)     Despite the judgment being in favor of Plaintiff, EQUIFAX falsely reported on Plaintiff's credit file that the judgment was against Plaintiff for $7,000.

COMPLAINT AND DEMAND FOR JURY TRIAL

8) Plaintiff disputed the false information with EQUIFAX in writing.

9) EQUIFAX failed to conduct reasonable investigations into the dispute alleged by Plaintiff and continued to report that the judgment was against Plaintiff.

10) EQUIFAX negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

11) EQUIFAX further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

12) As a result of Defendants' conduct, Plaintiff suffered damage to his credit worthiness and emotional distress.

## IV. FIRST CAUSE OF ACTION

### (Against All Defendants for Violations of the FCRA)

13) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

14) Defendants violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

15) Defendants violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the furnisher; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

16) Defendants' unlawful conduct damaged Plaintiff as referenced above.

17) Defendants' unlawful conduct was willful.

18) Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

19) Plaintiff is further entitled to recover costs and attorneys' fees from Defendant pursuant to 15 U.S.C. §§1681n and/or 1681o.

//
//

## V. SECOND CAUSE OF ACTION

**(Against All Defendants for Violation of the CCRAA)**

20) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

21) Defendants violated the CCRAA, by including but not limited to, the following:

    (a) Defendants violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff; and

    (b) Defendants violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file;

22) Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

24) Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

//
//
//
//
//
//
//
//
//
//

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

    (a)   Actual damages;

    (b)   Punitive damages;

    (c)   Statutory damages;

    (d)   Costs and reasonable attorney's fees; and

    (e)   For such other and further relief as the Court may deem just and proper.

Date: July 24, 2015                         \_\_\_\_\_s/ Jeremy S. Golden_____
                                                               Jeremy S. Golden
                                                               Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: July 24, 2015                         \_\_\_\_\_s/ Jeremy S. Golden\_ _____
                                                               Jeremy S. Golden
                                                               Attorney for Plaintiff