Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FISK,<br><br>                Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC.,<br><br>                Defendants. | Case No.: EDCV 15-1490-MWF (DTBx)<br><br>**Joint Rule 26(f) Report**<br><br>Date:          September 28, 2015<br>Time:          11:00 a.m.<br>Courtroom:  1600<br><br>The Hon. Michael W. Fitzgerald |

**A.**      **Statement of the Case:**

        Plaintiff filed suit against Defendant Equifax Information Services LLC ("Equifax") and alleged violations of 15 U.S.C. §1681 *et seq.* (Fair Credit Reporting Act "FCRA") and California Civil Code §1785.1 *et seq.*(California Consumer Credit Reporting Agencies Act "CCRAA").  Plaintiff alleges that Defendant Equifax reported inaccurate information

regarding the status of a judgment that Plaintiff did not owe.  Defendant falsely reported the inaccurate information on Plaintiff's credit file.  Plaintiff disputed the false information with Defendant in writing.  Plaintiff alleges that Defendants failed to follow reasonable procedures in maintaining and providing accurate credit reports.  As a result of Defendants' conduct, Plaintiff suffered damage to his credit worthiness and emotional distress.  Defendant denies Plaintiff's claims and alleged damages.

**Equifax:** Defendant Equifax Information Services LLC is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. ("FCRA").  Equifax denies Plaintiff's claims and denies that it violated the FCRA or CCRAA.  Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and conducted a reinvestigation of Plaintiff's dispute in compliance with the FCRA and CCRAA.  Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax further denies that Plaintiff can support a claim for punitive damages in this action.

**B.    Subject Matter Jurisdiction:**

Jurisdiction of this Court arises under 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

**C.    Legal Issues:**

The principal issues are whether Defendants' conduct violated the FCRA, CCRAA, and the extent of Plaintiff's damages.  The parties are not aware of any unusual substantive, procedural or evidentiary issues.

**Equifax:**  The primary legal issues include whether there was any violation of the FCRA or CCRAA with respect to Equifax as alleged by Plaintiff, which Equifax denies, whether Plaintiff suffered any damage as a result of any alleged violation of the FCRA or CCRAA, whether Equifax proximately caused Plaintiff's alleged damages, whether Plaintiff is entitled to recover any actual damages pursuant to 15 U.S.C. §1681o, and whether Plaintiff is entitled to recover any statutory and/or punitive damages pursuant to 15 U.S.C. §1681n. //

**D.      Parties, Evidence, etc.:**

Plaintiff's key witnesses include himself and designated representatives of Defendant. The main documents Plaintiff intends to utilize include the credit reports, dispute letters, and court documents regarding the judgment.  Plaintiff reserves the right to add additional witnesses and will rely on additional documents.

Interested Parties:

- Mark Fisk, Plaintiff.

- Shana Fisk – Plaintiff's Wife.  She may be contacted through counsel.  She was a witness to Plaintiff's disputes and damages.

- Dominic Tornambe – New American Funding, 14511 Myford Road, Suite 100, Tustin, CA 92780. (949) 267-2270.  He has information regarding the negative reporting used by Defendants and of the damages that Plaintiff sustained.

- Ryan Brown – Temecula Valley Toyota, 26631 Ynez Road, Temecula, CA 925591. (800) 829-0575.  He has information regarding the negative reporting used by Defendants and of the damages that Plaintiff sustained.

- Dr. Maria Villarosa, MD, 5225 Canyon Crest Drive Building 100, Suite 103, Riverside, CA 92507. (951) 248-4000. He has information regarding the negative reporting used by Defendants and of the damages that Plaintiff sustained.

- Mega RV Corporation dba McMahon's RV; 5400 Garden Grove Blvd., Westminster, CA. It has information regarding the underlying case and judgment.

**Equifax:** Equifax has not yet discovered all individuals who may be called as witnesses to support Equifax's defenses in this case.  To date, Equifax has identified Latonya Munson or other designated representative of Equifax Information Services LLC.  Equifax identifies the following documents that may be used to support its defenses: Plaintiff's credit file, relevant portions of Equifax's policy and procedure manuals, ACIS case, and any and all documents evidencing the accuracy of the information maintained in Plaintiff's Equifax credit file and/or credit files in general.  Defendant Equifax Information Services LLC is a wholly-owned subsidiary of Equifax Inc., which is a publicly traded company.

**E.     Damages:**

**Plaintiff:**  Similar cases detail damage awards in FCRA cases.  In the case of <u>Bach v. First Union Nat'l Bank</u>, 149 Fed. Appx.354, 362-63 (unpublished), the court upheld a jury award of $400,000 for compensatory damages in a case that involved attempts to resolve reporting inaccuracies and repeated denials of credit. Similarly, in the case of <u>Sloane v. Equifax Information Services</u>, 510 F.3d 495 (4th Cir. 2007) the Fourth Circuit approved of an award of emotional distress damages of $150,000 for credit reporting violations.

**Equifax:** Equifax is not seeking damages at this time but reserves the right to do so.

**F.     Insurance:**

Plaintiff is not aware of any insurance coverage.

Equifax is self-insured in this matter.

**G.     Motions:**

Neither party anticipates amending the pleadings at this time nor adding parties. Should any party wish to amend the pleadings or add an additional party, the deadline to do so shall be November 6, 2015.

**H.     Manual for Complex Litigation:**

The manual for complex litigation should not be used.

**I.     Status of Discovery:**

No formal written discovery or depositions have taken place.

**J.     Discovery Plan:**

Plaintiff's discovery will be directed toward the credit reporting of Defendant related to the account. It will also be directed to any disputes sent to Defendant and Defendant's investigations, if any.  Plaintiff will further conduct discovery into the credit reporting history of the account at issue in this case.  Plaintiff's discovery will also be directed toward the employee training program, and employee supervision practices of Defendant.  Plaintiff will also conduct discovery into Defendant's affirmative defenses.  Plaintiff anticipates taking Defendant's PMK deposition.

Equifax anticipates discovery on Plaintiff's personal and credit history, the allegations

contained in Plaintiff's complaint, the events and circumstances giving rise to this lawsuit, Plaintiff's claims, any alleged denials of credit or other damages, and Plaintiff's communications with Equifax.

No changes are necessary to the Rule 26(a) disclosures and discovery is not to be conducted in phases or otherwise limited. All discovery is to be governed by the Federal Rules of Civil Procedure.

**K.     Discovery Cut-off:**

The parties propose a fact discovery cut-off date of April 11, 2016.

**L.     Expert Discovery:**

The parties propose an expert discovery cut-off date of June 13, 2016. Initial expert disclosures, if any, due by April 11, 2016.Rebuttal disclosures, if any, due by May 11, 2016.

**M.     Dispositive Motions:**

Equifax anticipates filing a motion for summary judgment.  The deadline to file any dispositive motion shall be July 13, 2016.

**N.     Settlement/Alternative Dispute Resolution (ADR):**

The parties have not yet made any settlement offers. The parties have received a Notice to Parties of Court-Directed ADR Program.  The parties prefer mediation with a neutral from the Court Mediation Panel.

Plaintiff has not yet provided a settlement demand to Equifax or otherwise engaged in settlement discussions.  Equifax requests that the Court order Plaintiff to provide a settlement demand and allow for a response period at least 21 days prior to any scheduled mediation.

**O.     Trial Estimate:**

The parties estimate that trial should take 3-4 days.  Plaintiff demanded a jury trial. Plaintiff anticipates calling 2 witnesses.  Equifax anticipates 1-2 witnesses.

**P.     Trial Counsel:**

- Jeremy S. Golden (Plaintiff Fisk) Golden & Cardona-Loya, LLP, 3130 Bonita Road, Suite 200B, Chula Vista, CA 91910.

//

- Thomas P. Quinn, Jr. (Defendant Equifax) Nokes& Quinn APC, 410 Broadway, Ste. 200 Laguna Beach, CA 92651.

**Q.   Independent Expert or Master:**

The parties do not believe that it is necessary to appoint a master pursuant to Rule 53 or an independent scientific expert.

**R.   Timetable:**

See attached.

**S.   Other Issues:**

The parties are not aware of any other issues that should affect the status or management of the case.

DATE: 9/11/2015                          BY: */s/Jeremy S. Golden*_____
                                              Jeremy S. Golden
                                              Attorney for Plaintiff

DATE:  9/11/2015                        BY: */s/Thomas P. Quinn, Jr.*_____
                                              Thomas P. Quinn, Jr.
                                              Attorney for Defendant Equifax


**Attestation**

I hereby certify that the content of this document is acceptable to Thomas P. Quinn, Jr., and that I have obtained counsel's authorization to affix his electronic signatures to this document.

DATE:  9/11/2015                        BY: */s/Jeremy S. Golden*_____
                                              Jeremy S. Golden
                                              Attorney for Plaintiff

JUDGE MICHAEL W. FITZGERALD
SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | EDCV 15-1490-MWF (DTBx) |
|---|---|
| Case Name | Fisk v. Equifax, et al. |

| Matter | Plaintiff's Date mo/day/year | Defendant's Date mo/day/year | Court Order |
|---|---|---|---|
| Jury Trial (Tuesday at 8:30 a.m.) Duration Estimate: 3-4 Days | 11/15/16 | 11/15/16 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions In Limine (**Monday at 11:00 a.m. – 3 weeks before trial date**)<br><br>Motions In Limine must be filed **3 weeks** before this date; oppositions are due **2 weeks** before this date; no reply briefs | 10/24/16 | 10/24/16 | |

| Event | Weeks Before Trial | Plaintiff's Date mo/day/year | Defendants' Date mo/day/year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings/Add Parties | | 11/6/15 | 11/6/15 | |
| Non-Expert Discovery Cut-Off | 18 | 4/11/16 | 4/11/16 | |
| Expert Disclosure (Initial) | | 3/9/16 | 4/11/16 | |
| Expert Disclosure (Rebuttal) | | 4/25/16 | 5/11/16 | |
| Expert Discovery Cut-Off | 14 | 5/9/16 | 6/13/16 | |
| Last Date to Hear Motions | 14 | 5/9/16 | 9/27/16 | |
| Last Date to Conduct | 12 | 5/24/16 | 5/24/16 | |

COMPLAINT AND DEMAND FOR JURY TRIAL

| | | | | |
|---|---|---|---|---|
| Settlement Conference | | | | |
| For Jury Trial<br>-File Memorandum of Contentions of Fact and Law<br>-File Exhibit and Witness List<br>-File Status Report Re Settlement<br>-File Motions In Limine | 6 | 10/3/16 | 10/3/16 | |
| For Jury Trial<br>-Lodge Pretrial Conference Order<br>-File Agreed Set of Jury Instructions and Verdict Forms<br>-File Oppositions to Motions In Limine | 5 | 10/11/16 | 10/11/16 | |

ADR Selection:
Court Mediation Panel

COMPLAINT AND DEMAND FOR JURY TRIAL